UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

In Re:                                  }
                                        } Case Number: 14-10363-R
WILSON, Sharon Lee                      } Chapter 13
     SSN: xxx-xx-6925                   }
                                        }
               Debtor.                  }
                                        }

## SECOND AMENDED CHAPTER 13 PLAN

**LENGTH OF PLAN:** 36 months.

**PLAN PAYMENT:** Debtor(s) shall pay $195.00 per month. The Trustee shall deduct the Trustee's preset percentage fee from each payment pursuant to 11 U.S.C. §1326(b)(2).

**DATE OF COMMENCEMENT:** Plan payments shall commence on or before, March 28, 2014, the 30th day from the filing of the Chapter 13 petition.

**PRIORITY CLAIMS:** (To be paid in full without interest)

| CLAIMANT | DESCRIPTION | AMOUNT | MONTHLY PAYMENTS AND NUMBER OF PAYMENTS |
|---|---|---|---|
| The Colpitts Law Firm | Legal Services | $250.00/hr. Counsel shall file an application for fees and costs after confirmation | 1-20 @ $100.00* |
|  |  |  |  |

*Counsel for Debtor(s) shall file a fee application within 15 days following confirmation of the Chapter 13 Plan. The Chapter 13 Trustee shall reserve these payments to be applied to the Court approved fee application of Debtor's counsel. If the fee application is for less than the $2,000.00 allocated above, the Trustee shall apply the difference to the unsecured creditors. ANY FEE APPLICATION SHALL COMPLY WITH 11 U.S.C. § 331, AND BANKRUPTCY RULE 2002.

**REAL ESTATE MORTGAGE CLAIM(S) SECURED BY PRINCIPAL RESIDENCE OF DEBTOR(S):**

| CLAIMANT | DESCRIPTION | ALLOWED AMOUNT | INTEREST RATE | MONTHLY PAYMENT AND NUMBER OF PAYMENTS |
|---|---|---|---|---|
| Springleaf Financial Services | 1st Mortgage | $51,264.25 | Contract | Paid direct to creditor by Debtor |
| Springleaf Financial Services | 1st Mortgage Arrearage | $50.00 | 0.00% | Paid direct to creditor by Debtor |

**REAL ESTATE MORTGAGE CLAIM(S) SECURED BY REAL PROPERTY OTHER THAN THE PRINCIPAL RESIDENCE OF DEBTOR(S):**

| CLAIMANT | DESCRIPTION | ALLOWED AMOUNT | INTEREST RATE | MONTHLY PAYMENT AND NUMBER OF PAYMENTS |
|---|---|---|---|---|
|  |  |  |  |  |
| None |  |  |  |  |

**SECURED CLAIMS ENTITLED TO ADEQUATE PROTECTION UNDER 11 U.S.C. §1326(A)(1)(C).**
The following claimants are provided adequate protection in the form of a lien on each pre-confirmation plan payment to the Chapter 13 Trustee in the payment amount stated below for each claimant, subject to the provisions of Local Rule 3070-2:

| CLAIMANT | FILED OR SCHEDULED CLAIM | COLLATERAL | ALLOWED SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT AND NUMBER OF PAYMENTS |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
| Tulsa Teachers Credit Union | $2,269.48 | 2002 Oldsmobile Intrigue | $2,269.48 | 6.0% | 1-36 @ $69.04 |

**OTHER SECURED CLAIMS:**
**Claims Not Entitled to Adequate Protection:**

| CLAIMANT | FILED OR SCHEDULED CLAIM | COLLATERAL | ALLOWED SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT AND NUMBER OF PAYMENTS |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
| None |  |  |  |  |  |

**SPECIAL UNSECURED CLASS(ES):**

| CLAIMANT | DESCRIPTION | ALLOWED AMOUNT | INTEREST RATE | MONTHLY PAYMENT AND NUMBER OF PAYMENTS |
|---|---|---|---|---|
|  |  |  |  |  |
| None |  |  |  |  |

**PROPERTY TO BE SURRENDERED:**
The following property is surrendered to the creditor secured by the property.  Upon confirmation of this Plan, the surrendered property shall be deemed abandoned from the estate and relief from stay is granted with respect to the property to allow the creditor to pursue its rights against the property.  If the creditor has timely filed a secured claim, the creditor shall have ninety (90) days from the date of confirmation of this Plan to establish any deficiency it may have and amend its proof of claim to state the deficiency.  Otherwise the creditor shall not be allowed an unsecured deficiency claim in this case.

| CLAIMANT | PROPERTY SURRENDERED | AMOUNT OF SECURED CLAIM |
|---|---|---|
|  |  |  |
| Tulsa Teachers Credit Union | 1998 Chevrolet Pickup | $1,735.73 |

**LIEN AVOIDANCE(S):**   The Debtor(s) shall file a separate Motion or Motions to avoid the liens or security interests of the following claimants pursuant to 11 U.S.C. §522(f) and the claim(s) of such claimant(s) shall be relegated to and treated as general unsecured claims below:

| CLAIMANT | RELEGATED AMOUNT |
|---|---|
|  |  |
| None |  |

**EXECUTORY CONTRACTS:** Pursuant to 11 U.S.C. §§ 365 and 1327, the confirmation of the Chapter 13 Plan will constitute an order approving the assumption or rejection, as set forth below, of the following executory contracts:

| EXECUTORY CONTRACT | ASSUME OR REJECT |
|---|---|
|  |  |
| None |  |

**UNSECURED CLAIMS:** All claims not specifically provided for above and those relegated to unsecured status above shall be paid as general unsecured claims, without priority, on a pro rata basis.

| | |
|---|---:|
| Unsecured Claims per Schedule F: | $66,243.18 |
| Claims Relegated to Unsecured Status: | $0.00 |
| Total Projected Unsecured Claims: | $66,243.18 |

Approximate Percentage Payback to Holders of Unsecured Claims:     2.77 %

Note: The actual payback to unsecured claims may be more or less depending on claims actually filed and allowed.

**OTHER PROVISIONS:**

1. **Property of the Estate.** All property of the estate under 11 U.S.C. §§ 541 and 1306 at the time of confirmation, and all property thereafter acquired and included in the estate under 11 U.S.C. § 1306, shall remain property of the estate until removed from the estate by operation of law or separate order. All stays in effect at the time of confirmation shall remain in force and effect until terminated or modified under applicable law, or by order of the Court.
2. **Claim Treatment.** All claims shall be paid as set forth above unless a creditor objects prior to the confirmation hearing and files a claim within ninety (90) days after the first date set for the meeting of creditors called pursuant to 11 U.S.C. § 341(a). Except as provided in Fed. R. Bankr. P. 3002(c)(1), governmental units must file claims within 180 days after the order for relief. If a priority or secured claim, including a mortgage arrearage claim, is filed for less than the amount provided for in this Plan, the Trustee is authorized to pay the lesser amount.
3. **Filing Of A Claim is Required for Payment.** If a creditor does not timely file a proof of claim within the time periods stated in the preceding paragraph and no claim is filed under Fed. R. Bankr. P. 3004, that creditor shall receive NO distribution from the Trustee under this Plan. In such case, the Trustee is authorized to disburse funds that creditor would have received to other creditors entitled to payment under this Plan.
4. **Secured Creditor Liens.**
   A. Secured creditors, except those holding long-term debts under 11 U.S.C. § 1322(b)(5), shall retain their liens as provided in 11 U.S.C. § 1325(a)(5)(B)(i). Secured creditors holding long-term debts shall retain their liens until paid in full under the applicable loan documents notwithstanding the entry of a discharge under 11 U.S.C. § 1328.
   B. The allowed secured claim of each secured creditor shall be the value of the collateral stated in the Allowed Secured Claim column, or the amount of the filed claim, whichever is less, with the balance (if any) of the claim actually filed being allowed as an unsecured claim.
5. **Effect of Relief from Automatic Stay on Secured Creditor.** If a secured creditor provided for under this Plan obtains relief from the automatic stay, the Trustee is authorized to cease all disbursements to

that creditor and to disburse funds that the creditor would have received to other creditors entitled to payment under this Plan, unless the Court orders otherwise.

6. **Effect of Confirmation and Requirements of 11 U.S.C. § 521(a).** Confirmation of this Plan shall serve as a determination that the Debtor(s) have satisfactorily met the requirements of 11 U.S.C. § 521(a) and the case shall not thereafter be subject to dismissal under 11 U.S.C. § 521(i).

7. **Debtor(s) Enjoined from Incurring Debt.** The above named Debtor(s) is/are enjoined from incurring any debts without prior approval of the Court, except such debts as may be necessary for emergency medical or hospital care.

8. **Income Tax Returns and Refunds.** During the pendency of this Chapter 13 Case, the Debtor will timely file all yearly income tax returns; immediately provide the trustee with a copy of such returns; and, upon receipt of any income tax refund, deliver the portion of the refund in excess of any earned income tax credit to the Chapter 13 Trustee as an additional payment under the Chapter 13 Plan.

Dated: July 2, 2014

Respectfully Submitted,

*/s/ Greggory T. Colpitts*

_____
Greggory T. Colpitts, OBA No.: 14381
**The Colpitts Law Firm**
6506 South Lewis, Suite 175
Tulsa, OK  74136-1079
Phone: 918-747-9747
Fax:     918-747-1267
greg@colpittslawfirm.us
Attorney for Debtor(s)